# United States Court of Appeals for the Federal Circuit

---

**SRI INTERNATIONAL, INC.,**
*Plaintiff-Appellant*

**v.**

**CISCO SYSTEMS, INC.,**
*Defendant-Cross-Appellant*

---

2020-1685, 2020-1704

---

Appeals from the United States District Court for the District of Delaware in No. 1:13-cv-01534-RGA-SRF, Judge Richard G. Andrews.

---

Decided: September 28, 2021

---

FRANK SCHERKENBACH, Fish & Richardson, PC, Boston, MA, argued for plaintiff-appellant. Also represented by ROBERT COURTNEY, Minneapolis, MN; HOWARD G. POLLACK, Redwood City, CA; JOHN WINSTON THORNBURGH, San Diego, CA.

ANDREW J. DANFORD, Wilmer Cutler Pickering Hale and Dorr LLP, Boston, MA, argued for defendant-cross-appellant. Also represented by ANNALEIGH E. CURTIS, LAUREN B. FLETCHER, WILLIAM F. LEE, LOUIS W. TOMPROS.

---

Before LOURIE, O'MALLEY, and STOLL, *Circuit Judges*.

STOLL, *Circuit Judge*.

SRI International, Inc. appeals the United States District Court for the District of Delaware's denial of its motion to reinstate the jury's willfulness verdict and to reinstate the district court's award of enhanced damages. Cisco Systems, Inc. cross-appeals the district court's award of attorney fees and expenses. Because substantial evidence supports the jury's finding of willful infringement, we reverse the district court's denial of SRI's motion to reinstate the willfulness verdict. Having restored the jury's willfulness finding, we also restore the district court's award of enhanced damages. Finally, we affirm the district court's award of attorney fees.

## BACKGROUND

This is the second appeal in this case. SRI filed suit in the District of Delaware alleging that Cisco infringed certain claims of U.S. Patent Nos. 6,711,615 and 6,484,203 (the "asserted patents"). The '615 patent is titled "Network Surveillance" and is a continuation of the '203 patent, which is titled "Hierarchical Event Monitoring and Analysis." A jury trial was held on validity, infringement, willful infringement, and damages. *See SRI Int'l, Inc. v. Cisco Sys., Inc.* (*SRI I*), 254 F. Supp. 3d 680 (D. Del. 2017). The jury found that the accused Cisco products infringed certain claims of the asserted patents and awarded a 3.5% reasonable royalty for a total of $23,660,000 in compensatory damages. The jury also found that Cisco's infringement was willful.

After trial, Cisco moved for judgment as a matter of law (JMOL) of no willful infringement and SRI moved for attorney fees and enhanced damages. Regarding the jury's willfulness finding, the district court determined that substantial evidence—including that certain Cisco employees did not read the asserted patents until their depositions,

that Cisco designed the products in an infringing manner, and that Cisco instructed its customers to use those products in an infringing manner—supported the jury's willfulness finding. *Id.* at 716–17.

The district court also awarded SRI attorney fees and costs. *Id.* at 723. The district court noted that "Cisco pursued litigation about as aggressively as the court has seen in its judicial experience" and that this litigation strategy "created a substantial amount of work for both SRI and the court, much of which work was needlessly repetitive or irrelevant or frivolous." *Id.* at 722–23 (footnotes omitted). In awarding fees, the district court also took into account "the fact that the jury found that Cisco's infringement was willful." *Id.* at 723.

With respect to enhancement of damages based on the jury's willfulness finding, the district court doubled the damages award. *Id.* at 723–24. The district court explained that enhancement was appropriate "given Cisco's litigation conduct, its status as the world's largest networking company, its apparent disdain for SRI and its business model, and the fact that Cisco lost on all issues during summary judgment and trial, despite its formidable efforts to the contrary." *Id.* at 723.

Cisco appealed the district court's denial of JMOL of no willful infringement and its grant of enhanced damages and attorney fees. We vacated and remanded on each of those issues. *See SRI Int'l, Inc. v. Cisco Sys, Inc.* (*SRI II*), 930 F.3d 1295, 1312 (Fed. Cir. 2019). First, we held that the jury's verdict of willful infringement before May 8, 2012 was not supported by substantial evidence because it was undisputed that Cisco did not know of SRI's patents until after that date. *Id.* at 1309–10. We stated that for the time period prior to May 8, 2012, "the record is insufficient to establish that Cisco's conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement." *Id.* at 1309. We also criticized the evidence

the district court identified as supporting the jury's willfulness verdict. For example, we explained that "it was unremarkable" that two Cisco employees identified in the appellate record merely as engineers did not review the patents until their depositions. *Id.* We vacated the district court's denial of JMOL of no willful infringement and remanded the case to the district court to decide in the first instance whether the jury's finding of willful infringement after May 8, 2012 (the date Cisco received notice) was supported by substantial evidence. *Id.* We likewise vacated the district court's enhanced damages award because it was predicated on the finding of willful infringement. In addition, we vacated the award of attorney fees because it was partly based on the finding of willful infringement.

On remand, the district court reasonably read our opinion to require a more stringent standard for willful infringement than our other cases suggest—conduct rising to "the level of wanton, malicious, and bad-faith behavior." *SRI Int'l, Inc. v. Cisco Sys., Inc.* (*SRI III*), Civil Action No. 13-1534-RGA, 2020 WL 1285915, at *1 (D. Del. Mar. 18, 2020). Based on this standard, the district court in *SRI III* held that substantial evidence did not support the jury verdict of willful infringement after May 8, 2012.

The district court in *SRI III* also reviewed the jury instructions on willful infringement, which neither party ever challenged on appeal. The instructions directed the jury to consider whether Cisco "acted despite a high likelihood that [its] actions infringed a valid and enforceable patent." *Id.* at *2. The jury was further instructed that, if it answered this question affirmatively, it should also determine whether Cisco "actually knew or should have known that its actions constituted an unjustifiably high risk of infringement of a valid and enforceable patent." *Id.* To determine whether Cisco had this state of mind, the jury was instructed to consider the following factors:

One, whether or not defendant acted in accordance with the standards of commerce for its industry.

Two, whether or not defendant intentionally copied a product of plaintiff's that is covered by the patents-in-suit.

Three, whether or not there is a reasonable basis to believe that defendant did not infringe or had a reasonable defense to infringement.

Four, whether or not defendant made a good-faith effort to avoid infringing the patents-in-suit, for example, whether defendant attempted to design around the patents-in-suit.

And, five, whether or not defendant tried to cover up its infringement.

*Id.* at *2–3.

Regarding attorney fees, the district court noted that even though it removed the willfulness finding it had partially relied on in awarding fees, there was nevertheless sufficient reason to maintain the fees award. *Id.* at *4. It again found the case "exceptional" and accordingly granted the renewed motion for attorney fees and expenses. *Id.* at *5.

SRI appeals the district court's JMOL of no willful infringement and the denial of its motion to reinstate the jury's willfulness verdict and to reinstate the district court's award of enhanced damages. Cisco cross-appeals the district court's award of attorney fees. We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## DISCUSSION

We review a grant of JMOL of no willfulness under the same standard as the district court, for substantial evidence. *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1354, 1363 (Fed. Cir. 1998); *MobileMedia Ideas LLC*

*v. Apple Inc.*, 780 F.3d 1159, 1164 (Fed. Cir. 2015) (citing *Pitts v. Delaware*, 646 F.3d 151, 155 (3d Cir. 2011)). We review a district court's decision regarding the amount of enhanced damages for an abuse of discretion. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1934 (2016). Likewise, we review an award of attorney fees pursuant to 35 U.S.C. § 285 for an abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014).

## I

### A

In *SRI II*, we held that there was no willful infringement as a matter of law before Cisco had notice on May 8, 2012. We did not decide whether substantial evidence supported the jury verdict of willful infringement after May 8, 2012. Rather, we remanded for the district court to determine this issue in the first instance. We now hold that that substantial evidence supports the jury's finding of willful infringement after May 8, 2012. We do not disturb *SRI II's* holding that there was no willful infringement before May 8, 2012.

First, we presume, as we must, that consistent with the jury instructions, the jury found that Cisco had no reasonable basis to believe that it did not infringe or that it had a reasonable defense to infringement.[1] *See SSL Servs., LLC*

---

[1] *See* jury instructions, *supra*. The jury was instructed under the *Seagate* willful infringement standard, which required both (1) "clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent" and (2) that "this objectively-defined risk . . . was either known or so obvious that it should have been known." *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007). Since that decision, the Supreme Court issued *Halo*

*v. Citrix Sys., Inc.*, 769 F.3d 1073, 1082 (Fed. Cir. 2014) (generally, "[w]e presume that the jury resolved the underlying factual disputes in favor of the verdict and review those factual findings for substantial evidence" (citing *Kinetic Concepts, Inc. v. Smith & Nephew, Inc.*, 688 F.3d 1342, 1356–57 (Fed. Cir. 2012))).

SRI presented evidence that Cisco's invalidity defenses were unreasonable. Cisco's only assertion of invalidity over the prior art was based on anticipation by a reference that was twice considered and twice rejected by the Patent Office. *See SRI I*, 254 F. Supp. 3d at 722 n.52. SRI's expert testified that this reference was lacking a key limitation of the claims—the requirement for multiple network monitors. Moreover, Cisco's expert had not even seen (let alone distinguished) the Patent Office's prior analysis rejecting this same prior art during the reexamination of the asserted patents before that expert opined that this prior art anticipated the claims.

SRI also presented evidence to the jury that Cisco did not have any reasonable basis for non-infringement. For example, as its only non-infringement argument for one of two sets of product groupings, Cisco maintained throughout trial that the claims required separate monitors, which its products did not have. *Id.* at 722. SRI countered that this non-infringement defense was untethered to the district court's claim construction of a "network monitor," which expressed no such requirement. *See* J.A. 22228 (Trial Tr. 1934:13–21) (stating that "during the entire time

---

*Electronics, Inc. v. Pulse Electronics., Inc.*, 136 S. Ct. 1923 (2016), which rejected the objective recklessness requirement. Because *Halo* did not disturb the substantive standard for subjective willfulness, we have held that we may review the jury's verdict for substantial evidence under that standard. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1371 (Fed. Cir. 2017).

that Cisco was putting on its infringement case . . . you never once saw the Court's construction of network monitor hit the screen, not once"). In *SRI I*, the district court noted this disconnect, explaining that although the court "had explained that '[t]he claim language and the parties' constructions do not require that the "network monitor" and "hierarchical monitor" be separate structures' [], Cisco maintained throughout trial that separate monitors were required." 254 F. Supp. 3d at 722 (first alteration in original).

Likewise, as its only non-infringement argument for the second set of product groupings, Cisco asserted that while the claims require that the products correlate events, its products process events one at a time, i.e., they do not correlate events. At trial, SRI presented directly contradictory evidence. For example, SRI identified an internal Cisco document that shows a "Meta Event Generator" plainly depicting a hierarchical arrangement of monitors correlating multiple events. J.A. 38708. Cisco's own technical witness similarly acknowledged that this "Meta Event Generator" functions to correlate events. J.A. 21813 (Trial Tr. 1519:3–5) ("Meta is specialized to combine events into a bigger event."). Further combined with testimony from SRI's expert that the accused products correlate events, Cisco-customer testimony that Cisco's product correlates events, and third-party testing confirming the same, the jury had a reasonable basis to believe that Cisco did not have any reasonable defenses to infringement.

In addition, the jury found that Cisco induced infringement of the asserted claims, and Cisco does not challenge that finding on appeal. *See SRI I*, 254 F. Supp. 3d at 700. As explained in *SRI I*, the court instructed the jury that "Defendant is liable for active inducement only if plaintiff proves by a preponderance of the evidence" that, among other things, (1) "Defendant took some action intending to encourage or instruct its customers to perform acts that you, the jury, find would directly infringe"; and (2)

"Defendant was aware of the asserted patents at the time of the alleged conduct and knew that its customer's acts (if taken) would constitute infringement of an asserted patent." *Id.* at 719 (emphasis omitted). Based on these unchallenged jury instructions, we may presume that the jury found that Cisco knew of the patent, took action to encourage its customers to infringe, and knew that its customers actions (if taken) would infringe. Such unchallenged findings may support a jury's finding of willful infringement.

To be clear, a finding of induced infringement does not compel a finding of willfulness. Indeed, the standard required for willful infringement is different than that required for induced infringement. Nonetheless, in this case, the jury's unchallenged findings on induced infringement, when combined with Cisco's lack of reasonable bases for its infringement and invalidity defenses, provide sufficient support for the jury's finding of willful infringement for the period after May 8, 2012, when Cisco had notice of the patent.

Finally, we address the district court's statement in *SRI III* that the Federal Circuit "made clear that the standard for willfulness" applicable on remand is "whether 'Cisco's conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement.'" *SRI III*, 2020 WL 1285915, at \*1 (quoting *SRI II*, 930 F.3d at 1309). The district court also noted that "the Court of Appeals is not entirely consistent in its use of adjectives to describe what is required for willfulness." *SRI III*, 2020 WL 1285915, at \*1 n.1. To eliminate the confusion created by our reference to the language "wanton, malicious, and bad-faith" in *Halo,* we clarify that it was not our intent to create a heightened requirement for willful infringement. Indeed, that sentence from *Halo* refers to "conduct warranting enhanced damages," not conduct warranting a finding of willfulness. *Halo*, 136 S. Ct. at 1932 ("The sort of conduct warranting enhanced damages has been variously described in our cases as willful, wanton, malicious,

bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate.")  As we said in *Eko Brands*, "[u]nder *Halo*, the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (citing *Halo*, 136 S. Ct. at 1933).

Under the proper test for willfulness, and considering the presumed jury findings above, we conclude that substantial evidence supports the jury's willful infringement finding.  We thus reverse the district court's JMOL of no willful infringement and reinstate the jury verdict of willful infringement.

B

We next turn to SRI's request to reinstate the award of enhanced damages.  Although willfulness is a component of enhancement, "an award of enhanced damages does not necessarily flow from a willfulness finding." *Presidio Components, Inc. v. Am. Tech. Ceramics Corp.*, 875 F.3d 1369, 1382 (Fed. Cir. 2017) (first citing *Halo*, 136 S. Ct. at 1932; and then citing *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 n.13 (Fed. Cir. 2016)).  Discretion remains with the district court to determine whether the conduct is sufficiently egregious to warrant enhanced damages.  *WBIP*, 829 F.3d at 1341 n.13; *Halo*, 136 S. Ct. at 1934 ("Section 284 gives district courts discretion in meting out enhanced damages.").  We review the district court's decision to award enhanced damages for an abuse of discretion.  *Halo*, 136 S. Ct. at 1934.  Thus, a decision of enhancement cannot stand if "it was based on a clear error of fact, an error of law, or a manifest error of judgment." *Va. Panel Corp. v. MAC Panel Co.*, 133 F.3d 860, 867 (Fed. Cir. 1997) (quoting *Nat'l Presto Indus., Inc. v. W. Bend Co.*, 76 F.3d 1185, 1193 (Fed. Cir. 1996)); *see Halo*, 136 S. Ct. at 1934 ("That standard allows for review of district court decisions informed by 'the considerations we have identified.'"

(quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014))).

In this case, the district court in *SRI I* awarded double damages. The district court explained that enhanced damages were appropriate "given Cisco's litigation conduct, its status as the world's largest networking company, its apparent disdain for SRI and its business model, and the fact that Cisco lost on all issues during summary judgment and trial, despite its formidable efforts to the contrary." *SRI I*, 254 F. Supp. 3d at 723–24. In doing so, the district court appropriately considered the factors laid out in *Read Corp. v. Portec, Inc.*, including at least "the infringer's behavior as a party to the litigation," the infringer's "size and financial condition," the infringer's "motivation for harm," and the "[c]loseness of the case." 970 F.2d 816, 826–27 (Fed. Cir. 1992), *abrogated in part on other grounds by Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 116 (1996); *see SRI I*, 254 F. Supp. 3d. at 721. We discern no clearly erroneous factual findings, erroneous conclusions of law, or a clear error of judgment amounting to an abuse of discretion. We also conclude that vacating and remanding for the district court to decide the issue anew would serve little purpose given that the district court in *SRI I* already properly considered this issue.[2]

---

[2] It may seem inappropriate to reinstate the enhancement award in *SRI I* when we held in *SRI II* that the willfulness finding should have been limited to willfulness after May 8, 2012. But neither party makes this argument and for good reason. The parties informed this court for the first time in this appeal that the district court's award of double damages in *SRI I* applied only to damages for infringing activity after notice was given to Cisco, i.e., after May 8, 2012. The jury did not award any pre-notice damages to SRI because it was only instructed to award damages after May 8, 2012.

We are unpersuaded by Cisco's arguments that SRI forfeited its right to enhanced damages by failing to challenge the district court's assessment of enhancement in *SRI III*. Notably, the district court in *SRI III* did not conduct an analysis of enhancement because it entered JMOL of no willful infringement. Though the court stated that it "will deny the motion to amend the willfulness judgment and award enhanced damages," that sentence must be read in context of the entire opinion. *SRI III*, 2020 WL 1285915, at \*4. The district court began its analysis by pointing to what it believed was the standard for willfulness. *Id.* at \*1. It then conducted its assessment of willfulness, repeatedly mentioning the jury's willfulness verdict and SRI's arguments with regard to willfulness; not once did the district court discuss enhancement in this assessment. Only after determining that substantial evidence did not support the jury verdict of willful infringement did the district court also, without analysis, deny enhanced damages. It is thus clear to us that the district court in *SRI III* denied the motion to reinstate the award of enhanced damages only because it denied the motion to reinstate the jury's willfulness finding. Because we reinstate the jury's willfulness verdict, we likewise restore the district court's award of double damages in *SRI I*.

II

We next turn to Cisco's cross-appeal challenging the district court's grant of SRI's motion for attorney fees. Under 35 U.S.C. § 285, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." An "exceptional" case is "one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness*, 572 U.S. at 554. We review a district court's grant or denial of attorney fees for an abuse of discretion. *See Highmark*, 572 U.S. at 564; *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d

1302, 1306 (Fed. Cir. 2017).  A district court abuses its discretion when it "base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence."  *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs., Inc.*, 858 F.3d 1383, 1387 (Fed. Cir. 2017) (alteration in original) (quoting *Highmark*, 572 U.S. at 563 n.2).

As we explained in *SRI II*, we see no error in the district court's determination that this was an exceptional case.  930 F.3d at 1310–11.  The district court's initial findings remain persuasive:

> There can be no doubt from even a cursory review of the record that Cisco pursued litigation about as aggressively as the court has seen in its judicial experience.  While defending a client aggressively is understandable, if not laudable, in the case at bar, Cisco crossed the line in several regards.

*SRI I*, 254 F. Supp. 3d at 722.  Moreover, the district court's initial decision explained that "Cisco's litigation strategies . . . created a substantial amount of work for both SRI and the court, much of which work was needlessly repetitive or irrelevant or frivolous."  *Id.* at 723 (footnotes omitted).  Indeed, the district court conducted a thorough inventory of Cisco's aggressive tactics, including maintaining nineteen invalidity theories until the eve of trial but ultimately presenting only two at trial, presenting weak non-infringement theories that were contrary to the district court's claim construction ruling and Cisco's own internal documents, exhaustive summary judgment and sanction efforts, over-designation of deposition testimony for trial, and asserting "every line of defense post-trial."  *Id.* at 722–23.  We nonetheless vacated because the district court relied in part on the fact that the jury found that Cisco's infringement was willful in its determination to award attorney fees.

14                SRI INTERNATIONAL, INC. v. CISCO SYSTEMS, INC.

Here, the district court reconsidered attorney fees in the absence of a willfulness finding, and again found this case to be "exceptional," justifying a full award of attorney fees. *SRI III*, 2020 WL 1285915, at *4–5. Upon reconsideration, the district court explained that "Cisco's entire case was weak, yet it pursued the case aggressively and in an unreasonable manner anyway." *Id.* at *5. We see no abuse of discretion by the district court in this regard and affirm its award of attorney fees.

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm the district court's grant of attorney fees, reverse the district court's JMOL of no willful infringement, reinstate the jury's finding of willfulness, and reinstate the award of enhanced damages.

**AFFIRMED-IN-PART AND REVERSED-IN-PART**

## COSTS

No costs.